UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEROY PURNELL AND
BRENDA PURNELL                                                            PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:16-cv-234-DPJ-FKB

OCWEN LOAN SERVICING, LLC,
OCWEN FINANCIAL CORPORATION,
SHAPIRO AND MASSEY, LLC,
J. GARY MASSEY, CYNTHIA D. COHLY,
AND J. JIMMIE AVANT                                                       DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

On April 1, 2016, Plaintiffs Leroy and Brenda Purnell filed a complaint in this court, alleging various claims apparently arising out of debt collection activities of the defendants. [1] at 3.  The same day, Plaintiff Leroy Purnell filed a motion for leave to proceed *in forma pauperis* [2] requesting that the prepayment of the filing fee and costs be waived pursuant to 28 U.S.C. § 1915.  Because the submitted financial affidavit was signed by only one plaintiff, the court entered an order [3] directing Plaintiff Brenda Purnell to also submit an affidavit, which she filed on April 22, 2016.  *See* [4].

After a review of the sworn financial affidavits filed with the court, it is the opinion of the undersigned that Plaintiffs are not indigent under the law and should not be allowed to proceed *in forma pauperis*.  Plaintiffs have a household income of $4,400.00 per month, own two vehicles, and pay approximately $500.00 per month for cellular phone and cable bills.  [2] at 2-5; [4] at 2-5.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See*

*Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir.

1988).  This court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his
> impecunity?  *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue
> hardship?  *Startti v. United States*, 415 F.2d 1115 (5th Cir.
> 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render
> himself destitute to prosecute his claim?  *Adkins v. E.I. DuPont
> de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiffs, including the fact that their monthly household

income is $4,400.00, the undersigned finds that Plaintiffs could pay the filing costs without

undue financial hardship if given ninety (90) days to pay the filing fee.  Plaintiffs will not be

rendered destitute by paying the filing fee, as they have a place to reside, motor vehicles, and a

monthly income.  Because Plaintiffs will not be barred from the federal courts due to lack of

financial resources, it is the recommendation of the undersigned that Plaintiffs' motion to

proceed *in forma pauperis* be denied.  Plaintiffs shall be given ninety (90) days to pay the filing

fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or

before August 8, 2016.  If Plaintiffs do not object to this recommendation, and further do not pay

the filing fee by August 8, 2016, the undersigned recommends that this case be dismissed without

prejudice with no further notice to Plaintiffs.

Plaintiffs are referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the

appropriate procedure in the event they desire to file objections to these findings and

recommendations.  Plaintiffs are further notified that failure to file written objections to the

proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar them, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of May, 2016.


 /s/ F. Keith Ball                                  
UNITED STATES MAGISTRATE JUDGE