UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEROY PURNELL AND
BRENDA PURNELL                                                                                  PLAINTIFFS

V.                                                                       CIVIL ACTION No. 3:16-cv-234-DPJ-FKB

OCWEN LOAN SERVICING, LLC, et al.                                                   DEFENDANTS

ORDER

This pro se action is before the Court on Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss [10]. Because Plaintiffs fail to state a plausible claim, the motion is granted.

I.       Facts and Procedural History

On May 16, 2006, Plaintiffs Leroy and Brenda Purnell obtained a mortgage loan. Sub. Tr.'s Deed [10-1] at 1. The note was secured by a Deed of Trust covering Plaintiffs' property at Rural Route 1 Box 38 in Coila, Mississippi. *Id.* The Deed of Trust listed Mitchell L. Heffernan as trustee for Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc., beneficiary. *Id.* The Deed of Trust was ultimately assigned to U.S. Bank National Association ("U.S. Bank"), as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certifications, Series 2006-EMX7. *Id.*

At some point thereafter, Plaintiffs defaulted on their loan payments, and on December 15, 2014, U.S. Bank appointed Emily Kaye Courteau, an attorney with Morris & Associates, as the Substitute Trustee on the Deed of Trust. *Id.* On May 14, 2015, Courteau conducted a foreclosure sale at which U.S. Bank purchased Plaintiffs' property. A Demand for Possession of Property was mailed to Plaintiffs on June 24, 2015, and Ocwen Loan Servicing ("Ocwen"), as a servicer for U.S. Bank, filed a Complaint for Possession in the Justice Court of Carroll County

two months later. The court entered judgment against Plaintiffs on November 12, 2015, and issued a Writ of Possession on December 17, 2015.

Aggrieved by the foreclosure and eviction, Plaintiffs filed this lawsuit on April 1, 2016, against Ocwen as servicer for U.S. Bank, the eviction attorneys, and the judge who presided over the eviction. Ocwen filed the instant Motion to Dismiss [10] on October 26, 2016. Following the issuance of a Show Cause Order [13], Plaintiffs filed a one-sentence response. Ocwen did not reply. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standards

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court should look only to the face of the complaint to assess whether the plaintiff states a claim. However, the Court may consider documents outside the complaint that are "(1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 341 (5th Cir. 2011). Here, much of the factual background was gleaned from documents submitted by Ocwen in support of its motion. These documents are central to Plaintiffs' claims and are therefore properly before the Court.

Finally, Plaintiffs are proceeding pro se. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (citing *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (additional citation omitted)).

III.     Analysis

Ocwen characterizes the Complaint as possibly asserting one or both of the following two claims: (1) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and (2) violation of section four of the Clayton Act. The Court's review of the Complaint does not suggest any additional claims, and Plaintiffs do not clarify their claims in response to Ocwen's motion. The Court will therefore address the claims Ocwen identified.

A.     RICO Claims

Citing 18 U.S.C. §§ 1961–62, Plaintiffs assert that the attorneys and law firm involved in their eviction proceeding filed fraudulent security instruments falsely claiming that Plaintiffs owed Ocwen in excess of $350,000.  Compl. [1] at 4–6.  They further allege that the presiding judge agreed to aid and abet this "defrauding."  *Id.* at 6.  Ocwen assumes, and the Court agrees, that Plaintiffs are attempting to assert claims under § 1962(a)–(d).

"To state a civil RICO claim under any subsection in 18 U.S.C. § 1962, 'there must be: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'"  *Jackson v. Nat'l Ass'n for Advancement of Colored People*, 546 F. App'x 438, 441–42 (5th Cir. 2013) (quoting *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003)).  "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of *continued criminal activity*" as defined in 18 U.S.C. § 1961(1).  *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (emphasis added).  Ocwen correctly argues that the alleged predicate acts spanning six months—"debt collection racket," a "fraudulent security instrument," and "fraud and extortion"—are insufficient to satisfy this RICO element.  Def.'s Mem. [11] at 5–6 (citing Compl. [1] at 3–6).[1]

"[W]here alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, a 'pattern of racketeering activity' has not been shown."  *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 123 (5th Cir. 1996) (affirming dismissal

---

[1] Ocwen additionally argues that Plaintiffs fail to allege the substantive requirements of each § 1962 subsection.  But the Court need not reach this analysis.  *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000) (recognizing that the substantive requirements of each § 1962 subsection need only be addressed after the three RICO elements of person, racketeering pattern, and enterprise are met).

where alleged predicate acts "were all part of a single, lawful endeavor—namely the production of television news reports concerning a particular subject"); *see also Succession of Wardlaw Through Owen v. Whitney Nat. Bank*, No. 94-2026, 1996 WL 185781, at *3 (E.D. La. Apr. 18, 1996) (Clement, J.) ("[P]laintiff alleges multiple acts of fraud, but they were all part and parcel of a single plan . . . .  The fact that this plan may have taken a few years and a large number of . . . transactions . . . to execute does not convert it into a 'pattern of racketeering activity' under RICO.").

Here, Defendants' allegedly criminal acts are all part of a single, discrete transaction:  a foreclosure and eviction proceeding.  *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, 670 F. Supp. 2d 516, 531 (E.D. La. 2009) ("[A]n eviction proceeding does not . . . project into the future with a threat of repetition . . . it is by its nature a one-time resolution of disputed property rights. Defendants' conduct thus implicates, at best, predicate acts extending over a few weeks or months and threatening no future criminal conduct." (citation and internal punctuation omitted)). "Short-term criminal conduct is not the concern of RICO."  *Calcasieu Marine Nat. Bank v. Grant*, 943 F.2d 1453, 1464 (5th Cir. 1991).  Thus, Plaintiffs have not sufficiently alleged a continued threat of illegal activity by Defendants to show a pattern of racketeering activity. Because Plaintiffs fall short of establishing a cause of action under § 1962, the Court dismisses Plaintiffs' civil RICO claims against Ocwen with prejudice.[2]

B.     Clayton Act Claim

Plaintiffs assert that they, "in th[eir] complaint, ha[ve] testified of injury to property and business by reason of acts which violate section 4 of the Clayton Act."  Compl. [1] at 7

---

[2] Ocwen does not address the issue, but it is not immediately apparent that Plaintiffs have sufficiently pleaded standing under RICO.  *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998).

(emphasis omitted). Under this section, codified at 15 U.S.C. § 15(a), "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States." And as Ocwen correctly argues, "suits under section 4 of the Clayton Act (15 U.S.C. § 15(a)) . . . require not only injury to the plaintiff's business or property resulting from the alleged violation, but also a showing of antitrust injury and standing." *Norris v. Hearst Tr.*, 500 F.3d 454, 465 (5th Cir. 2007). An antitrust injury is "injury of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful." *McCormack v. Nat'l Collegiate Athletic Ass'n*, 845 F.2d 1338, 1341 (5th Cir. 1988)). In this case, Plaintiffs make no reference to the antitrust law under which they claim an injury, nor do their factual allegations allow the Court to surmise which antitrust law Defendants allegedly violated. Lacking a plausible antitrust violation, Plaintiffs may not properly invoke 15 U.S.C. § 15(a) for relief. The Court dismisses Plaintiffs' Clayton Act claim against Ocwen with prejudice.

    C.    Remaining Defendants

The Court dismisses Plaintiffs' claims against Ocwen.[3] But Defendants Shapiro and Massey, LLC, J. Gary Massey, Cynthia D. Cohly, and Justice Court Judge J. Jimmie Avant still remain. And the Court identifies three issues that Plaintiffs must address to avoid dismissal of the entire action. First, it does not appear that Plaintiffs ever served these remaining defendants. Under Federal Rule of Civil Procedure 4(m), the time to do so has now expired. *See Bernard Delcarpio No. 119047 v. Cain*, No. 13-273-SDD-RLB, 2015 WL 461544, at *1 (M.D. La. Feb. 3, 2015) (dismissing defendants under Rule 4(m) for failure to timely effect service). Second,

---

[3] Ocwen alleges in its motion that Plaintiffs incorrectly identified it as two separate entities, Ocwen Loan Servicing, LLC and Ocwen Financial Corporation. Def.'s Mot. [11] at 1.

the pleading insufficiencies identified in this Order seem to apply equally to, and warrant dismissal as to, all Defendants.  Third, Defendant J. Jimmie Avant, a Mississippi Justice Court judge, would assumedly enjoy absolute immunity from damages when performing acts within his judicial capacity.  *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Accordingly, Plaintiffs are given 14 days to show cause as to why remaining Defendants should not be dismissed for (1) Plaintiffs' failure to timely effect service under Rule 4(m), (2) the pleading insufficiencies identified in this Order, and (3) Judge Avant's judicial immunity.  Plaintiffs are warned that failure to do so will result in an order of dismissal without further notice.

IV.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  Because Plaintiffs' Complaint fails to establish the causes of action identified by Defendant, the Court grants Defendant's Motion to Dismiss [10] with prejudice.  Plaintiffs are given 14 days from the date of this Order to show cause as to why the remaining Defendants should not be dismissed and the case finally closed.

**SO ORDERED AND ADJUDGED** this the 3rd day of January, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE